FILED
2014 JAN 22 PM 1:24

KAZEROUNI LAW GROUP, APC
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fishcer Ave., Ste. D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

HYDE & SWIGART
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Mari Florence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARI FLORENCE,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA) N.A.; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND, TRANS UNION LLC,<br><br>Defendants. | Case No. CV14-507 PSG (VBKx)<br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:<br><br>I.  THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.<br><br>II. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.; AND,<br><br>III. CALIFORNIA CIVIL CODE § 1798.92, ET SEQ.<br><br>JURY TRIAL DEMANDED |

///

INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

2. Plaintiff MARI FLORENCE ("Plaintiff"), through Plaintiff's attorneys, brings this lawsuit to challenge the actions of Defendants CAPITAL ONE BANK (USA) N.A. ("Capital One" or "Defendants"); EQUIFAX INFORMATION SERVICES, LLC ("Equifax" or "Defendants"); EXPERIAN INFORMATION SOLUTIONS, LLC ("Experian" or "Defendants"); and, TRANS UNION LLC ("Trans Union" or "Defendants"), with regard to Defendants' reporting of erroneous negative and derogatory reports to Plaintiff's credit report, as that term is defined by 15 U.S.C. § 1681a(g); Defendants' willful and negligent failure to properly investigate the repeated disputes of Plaintiff concerning the invalid debt Defendants are reporting in Plaintiff's file, and Defendants' failure to correct such, which Defendants knew or should have known was erroneous and which caused Plaintiff damages.

3. Plaintiff, by Plaintiff's attorneys, also brings this action to challenge the unfair debt collection practices of Capital One, the original creditor, in unlawfully and abusively attempting to collect an invalid debt from Plaintiff.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

4. Plaintiff makes these allegations on information and belief, with the exception of allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendants named.

8. Unless otherwise stated, all the conduct engaged in by Defendants occurred in California.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; and 15 U.S.C. § 1681p.

10. This action arises out of Defendants' violations of (i) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq.; (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA"); and, (iii) California Civil Code §§ 1798-92, et seq.

11. Because Defendants conduct business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of South Pasadena, County of Los Angeles, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

13. Plaintiff is a natural person who resides in the City of South Pasadena, County of Los Angeles, in the State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

14. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c); and, 15 U.S.C. § 1692a(3).

15. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.92(d).

16. Defendant Capital One is a corporation incorporated in the State of Virginia. Plaintiff is informed and believes, and thereon alleges, that Capital One, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b) and are therefore "debt collectors" as the terms are defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

17. Defendant Equifax is a limited liability company incorporated in the State of Georgia.

18. Defendant Experian is a corporation incorporated in the State of Ohio.

19. Defendant Trans Union is a limited liability company incorporated in the State of Delaware.

20. Capital One is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

21. Defendants Equifax; Experian; and, Trans Union are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

///

22. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(f).

23. Defendant Capital One is a "claimant" as that term is defined by Cal. Civ. Code § 1798.92(a).

## FACTUAL ALLEGATIONS

24. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

25. At all times relevant, Defendants conducted business within the State of California.

26. In or around 2004, Plaintiff opened a Capital One credit card, account number ending in 5160. This account had a $2,000.00 credit limit.

27. Plaintiff rarely charged on this card, but when she did, she never missed a payment.

28. In or around 2010, Plaintiff's identity was compromised when someone, whose identity remains unknown, accessed Plaintiff's Capital One credit card and began fraudulently charging and maxing out Plaintiff's card without Plaintiff's knowledge. These unknown individuals charged over $17,000.00 on Plaintiff's Capital One credit card, despite Plaintiff's $2,000.00 credit limit. After this incident, Plaintiff did not receive any statements from Capital One nor phone calls regarding Plaintiff's account or the fraudulent credit card activity on Plaintiff's account.

29. In or about 2013, Plaintiff became aware that Defendants Experian, Equifax, and Trans Union, were reporting a continuing obligation to Capital One for account number ending in 5160 on Plaintiff's credit report.

///

30. Subsequently, Plaintiff contacted Defendant Capital One to investigate the status of Plaintiff's account as reported delinquent. Defendant Capital One promised to send a copy of the statements and an affidavit for Plaintiff to sign; however Plaintiff never received such documentation.

31. Thereafter, Plaintiff contacted Defendant Capital One to inquire as to the status of their promise, and she was informed that the account had been closed, charged off and that she would be financially responsible for the repayment on Plaintiff's delinquent account.

32. In or about 2013, Plaintiff spoke to a Fraud Manager at Capital One who explained that someone had used Plaintiff's account and made fraudulent payments. Plaintiff was then referred to a Fraud Supervisor who again ordered statements and advised Plaintiff to call the Charge Off Department when she received the statements. Plaintiff called the Charge Off Department but said Department refused to speak to Plaintiff falsely asserting that Plaintiff had allegedly filed bankruptcy, although Plaintiff had not. The Charge Off Department told Plaintiff that the Department would "get the file back" from bankruptcy but never did. As a result of Defendants' misrepresentations, Plaintiff has been falsely reported late, charged off, in collection, and that Plaintiff's account is in bankruptcy.

33. As a result of Capital One's failure to accurately represent Plaintiff's alleged debt, Plaintiff filed a Crime Report (Tracking Number T13000106) with the South Pasadena Police Department on August 7, 2013 regarding the above-mentioned fraudulent activity on Plaintiff's Capital One credit card.

34. On August 14, 2013, Plaintiff sent a letter via USPS Certified Mail to Defendant Capital One, enclosing a copy of the Crime Report regarding the fraudulent activity/identity theft on Plaintiff's account; in Plaintiff's letter, Plaintiff asked Defendant to cease all collection activity on Plaintiff's account; to remove all negative credit reporting from Plaintiff credit reports including

references to Plaintiff's account being past due, Plaintiff's account being charged off, Plaintiff's account being in collection and Plaintiff's account being in bankruptcy.

35. On August 20, 2013, Defendant Capital One sent Plaintiff a response letter informing Plaintiff that the information in Plaintiff's credit report matched the information in Capital One's records. This letter also informed Plaintiff that Plaintiff's account is reporting correctly as charged off despite the documentation supplied by Plaintiff to Capital One.

36. On August 28, 2013, Plaintiff sent a letter to each of the Defendant credit reporting bureaus individually, Experian, Equifax, and Trans Union, enclosing a copy of the Crime Report regarding the fraudulent activity/identity theft on Plaintiff's account; Plaintiff also attached the letter from Capital One refusing to remove the item from Plaintiff's credit report; Plaintiff also informed Defendants that Capital One was reporting Plaintiff's account incorrectly and asked Defendants to correct Plaintiff's credit report by removing all negative credit reporting from Plaintiff's credit reports including references to Plaintiff's account being past due, Plaintiff's account being charged off, Plaintiff's account being in collection and Plaintiff's account being in bankruptcy. Plaintiff also asked Defendants to confirm the negative reporting on Plaintiff's credit report has been corrected within 30 days of receipt of Plaintiff's letter.

37. Sometime thereafter, the Defendant credit reporting agencies notified Defendant Capital One, the furnisher of the inaccurate information, to examine the dispute in the accuracy of Plaintiff's credit information.

38. Thereafter, Defendant Capital One erroneously verified the alleged debt on Plaintiff's credit report on or about September 11, 2013.

39. On September 22, 2013, Plaintiff received a letter and copy of Plaintiff's credit report from Defendant Trans Union in response to Plaintiff's letter

disputing Capital One's inaccurate reporting of Plaintiff's account; Trans Union indicated that the investigation of Plaintiff's dispute was complete; Plaintiff's credit report continues to inaccurately assert that Plaintiff has a past due obligation of $17,279.00 as of September 2013 to Capital One; the report also falsely indicates that Plaintiff's account is included in Chapter 7 Bankruptcy.

40. On September 24, 2013, Plaintiff received a letter and copy of Plaintiff's credit report from Defendant Experian in response to Plaintiff's letter disputing Capital One's inaccurate reporting of Plaintiff's account; Experian indicated that Experian completed processing Plaintiff's dispute. Additionally, Plaintiff's credit report continues to inaccurately assert that Plaintiff has a past due obligation of $17,279.00 as of September 2013 to Capital One; the report also falsely indicates the status of the account as discharged through Bankruptcy Chapter 7 and "account closed at credit grantor's request".

41. On September 26, 2013, Plaintiff received a letter and copy of Plaintiff's credit report from Defendant Equifax in response to Plaintiff's letter disputing Capital One's inaccurate reporting of Plaintiff's account; Equifax indicated that Equifax completed their investigation of Plaintiff's credit account; Plaintiff's credit report continues to inaccurately assert that Plaintiff's account was charged off and also indicates the account was closed by credit grantor.

42. Plaintiff received a written communication from Defendant Capital One dated November 13, 2013, in regards to their receipt of Plaintiff's credit bureau dispute. This letter informed Plaintiff that Plaintiff's account was sold to Cavalry and that this account status would be reported to all major consumer reporting agencies.

43. To date, Plaintiff's credit report continues to inaccurately assert that Plaintiff has a past due obligation of $17,279.00 as of September 2013 to Capital One.

44. Defendants, upon receiving notice of Plaintiff's dispute, failed to conduct a reasonable investigation with respect to the disputed information as required by the FCRA.

45. Due to Defendants' failure to investigate, Defendants failed to update Plaintiff's credit file with the correct information and continue to report inaccurate information in violation of the FCRA.

46. By inaccurately reporting Plaintiff's alleged delinquency, Defendants failed to take reasonable procedures to assure maximum accuracy of information concerning Plaintiff credit file and is in violation of 15 U.S.C. § 1681 et seq.

47. As a result of Defendants' action and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

48. Through this conduct, Defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in order to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendants have also violated Cal. Civ. Code § 1788.17.

49. Through this conduct, Defendants violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the status of Plaintiff's alleged debt as one that Plaintiff was responsible for. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendants have also violated Cal. Civ. Code § 1788.17.

50. Through this conduct, Capital One violated 15 U.S.C. § 1692e(8) by communicating to Equifax, Experian and TransUnion credit information which is known or which should be known to be false. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus,

Capital One has also violated Cal. Civ. Code § 1788.17.

51. As a result of Defendants' action and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

52. Thus, Defendants took actions against Plaintiff concerning the alleged violation of the statute discussed above. Consequently, Defendants have violated 15 U.S.C. §§ 1692e; 1692e(2)(A); and 1692e(8). In addition, Defendants also violated Cal. Civ. Code § 1788.17.

53. In addition, Defendants' continued illegal collection actions and continued reporting on Plaintiff's credit reports after failing to conduct a reasonable investigation into Plaintiff's identity theft claims violated Cal. Civ. Code § 1798.92 et seq.

## CAUSE OF ACTION

### COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. §§ 1681 ET SEQ.

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. Defendants willfully, recklessly, and negligently violated provisions of the FCRA.

56. Defendants' violations include, but are not limited to the following:
   a. Defendants violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of information concerning the Plaintiff.

///

57. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff in the sum of Plaintiff's actual damages, statuary damages, punitive damages, costs, and reasonable attorney's fees.

## COUNT II
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)
### [AGAINST CAPITAL ONE ONLY]

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

60. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## COUNT III
### VIOLATIONS OF CAL. CIV. CODE § 1798.92-1798.97
### [AGAINST ALL DEFENDANTS]

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

63. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code §

1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants:

64. For each incident of willful noncompliance:

   a. An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful noncompliance of the FCRA;

   b. An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendants for each incident of willful noncompliance to the FCRA; and

   c. An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA.

   d. an award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;

   e. an award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendants for each incident of noncompliance of the FCRA;

   f. an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

   g. an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;

///

h. an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;

i. special, general, compensatory and punitive damages; and,

j. any and all other relief the Court deems just and proper.

Dated: December 30, 2013       Respectfully submitted,

KAZEROUNI LAW GROUP, APC

By: _____
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFF

## TRIAL BY JURY

65. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 30, 2013       Respectfully submitted,

KAZEROUNI LAW GROUP, APC

By: _____
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFF