**DOLL AMIR & ELEY LLP**
HUNTER R. ELEY (SBN 224321)
heley@dollamir.com
CRISTINE REYNAERT (SBN 240476)
creynaert@dollamir.com
1888 Century Park East, Suite 1850
Los Angeles, California 90067
Tel:  310.557.9100
Fax: 310.557.9101

Attorneys for Defendant
CAPITAL ONE BANK (USA) N.A.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARI FLORENCE, an individual | CASE NO.: CV14-00507 |
| Plaintiff. | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| v. | |
| CAPITAL ONE BANK (USA) NA et al Defendants. | |

DOLL AMIR & ELEY LLP

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential, trade secret, proprietary and private consumer information, and ensure that protection is afforded to material so entitled, good cause appearing, and based on the stipulation of the Parties to this action,

**IT IS HEREBY ORDERED AS FOLLOWS**:

This Order shall govern the use of confidential, trade secret and private consumer information produced during discovery in this proceeding.  The protections conferred by this Order cover not only Confidential Material (as defined below), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Confidential Material.

1.    **Definitions.**

(a)    "Party" shall mean all named Parties in the above-styled action, including any named Party added or joined to this action, and their counsel of record.

(b)    "Non-Party" shall mean any individual, corporation, association, or other natural person or entity other than a Party, and their counsel of record (if any).

(c)    "Documents" is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by the California Code of Civil Procedure, Sections 2031.010 *et seq.*

(d)    "Discovery Material" shall mean all items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, Documents, testimony, transcripts or other tangible things)

DOLL AMIR & ELEY LLP

1   that are produced or generated in disclosures or responses to discovery in this

2   matter.

3           (e)      "Confidential" information means the following:

4                i.         Information that constitutes a trade secret in accordance

5   with Cal. Civil Code § 3426.1;

6                ii.        Non-public communications with regulators or other

7   governmental bodies that are intended to be kept confidential and/or are

8   protected from disclosure by statute or regulation;

9                iii.       Information, materials, and/or other Documents

10  reflecting non-public business or financial strategies, trade secret

11  information, private and/or personal identification information which is not

12  already available publicly, and which would result in prejudice or harm to

13  the disclosing Party, and qualifies for protection under standards developed

14  under Fed. R. Civ. Proc. 26(c); and

15               iv.        Borrower-specific information, including private

16  consumer information that contains identifying, contact or private financial

17  information provided by a consumer to a financial institution, resulting from

18  any transaction with the consumer or any service performed for the

19  consumer, or otherwise obtained by the financial institution, including any

20  list, description, or other grouping of consumers (and publicly available

21  information pertaining to them) that is derived using any nonpublic personal

22  information, including any "nonpublic personal information" such as

23  identified by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq*.

24          Any Party may seek an amendment to this Order to designate

25  Discovery Material in addition to the categories described in this section as

26  Confidential before production of any such Discovery Material.  The Parties

27  agree to meet and confer in good faith and attempt to reach agreement on

28

DOLL AMIR & ELEY LLP

DOLL AMIR & ELEY LLP

1    any request by a Party to designate such additional categories of confidential

2    Discovery Material.

3         (f)    "Confidential Material" shall refer to Documents and Discovery

4    Material designated as Confidential pursuant to this Order.

5         (g)    "Designating Party" shall refer to a Party or Non-Party

6    designating Discovery Material as Confidential pursuant to this Order.

7         (h)    "Qualified Person" shall refer to persons to whom disclosure of

8    Confidential Material may be made pursuant to Paragraph 6 of this Order.

9         (i)    "Confidentiality Agreement" shall refer to the Agreement to

10   Maintain Confidentiality attached to this Order as Exhibit A.

11        2.    **Designation of Confidential Material.**

12        (a)    Confidential Material shall be so designated by stamping copies

13   of the Discovery Material produced to a Party with one of the following legends:

14   "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER,"

15   "CONFIDENTIAL" or "CONFIDENTIAL PRIVATE CONSUMER

16   INFORMATION"

17   Any such stamp or designation shall not cover, obscure or otherwise conceal any

18   text, picture, drawing, graph or other communication or depiction in the Discovery

19   Material.  If such designation is not feasible (*e.g.* in the case of certain electronic

20   Documents), then the Designating party shall affix one of the legends described

21   above in a prominent place on the exterior of the container or containers in which

22   the information or item is stored.

23        (b)    A Party or Non-Party that makes original Discovery Materials

24   available for inspection need not designate them for protection until after the

25   inspecting Party has indicated which material it would like copied and produced.

26   During the inspection and before the designation, all of the material made available

27   for inspection shall be deemed Confidential Material.  After the inspecting Party

28

has identified the Discovery Materials it wants copied and produced, the Designating Party must determine which materials qualify for protection under this Order.

(c)     Counsel for any deponent, Party or Non-Party may designate specific portions of deposition testimony or exhibits as Confidential Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his testimony are to be treated as confidential.  The Court reporter shall separately bind such testimony and exhibits in a transcript bearing the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the cover page. Failure of Counsel to designate testimony or exhibits as confidential at deposition, however, shall not constitute a waiver of the confidentiality of the testimony or exhibits.  Upon receipt of the transcript of the deposition, Counsel shall be entitled to designate specific pages and lines of the transcript or the exhibits as confidential within thirty (30) calendar days after receipt of the transcript.  The entire transcript of any deposition shall be treated as Confidential Material until thirty (30) calendar days after the receipt of the final transcript of the deposition.

(d)     The designation of any material as "CONFIDENTIAL" pursuant to this Order shall constitute the verification of counsel for the producing Party or Non-Party that the material constitutes Confidential Material as defined in Paragraph 1 of this Order.

3.     **No Waiver of Confidentiality For Inadvertent Failure to Designate as Confidential.**  If any Confidential Material is inadvertently provided to a discovering Party without being marked as confidential in accordance with this Order, the producing Party may thereafter designate such materials as confidential and the initial failure to so mark the material shall not be deemed a waiver of its confidentiality.  Until the material is designated as confidential by the Designating

DOLL AMIR & ELEY LLP

Party, however, the discovering Party shall be entitled to treat the material as non-confidential.

4. **Access to and Use of Protected Material.**  A Party receiving Confidential Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending or attempting to settle this litigation.  Such Confidential Material may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential Material must be stored and maintained by a receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this order.

5. **Disclosure of Confidential Material to Qualified Persons.** Confidential Material may be disclosed or made available only to the following persons:

(a)   The Parties to this action or an officer, director, or employee of a Party deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b)   Counsel for the Parties to this action, including all partners and associate attorneys of such counsel's law firms and all clerks, employees, independent contractors, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the direct supervision of such partners or associate attorneys and who are actually working on this action, all of whom shall be bound by this Order;

(c)   The Court and any person employed or retained by the Court whose duties require access to confidential material;

DOLL AMIR & ELEY LLP

(d)     Stenographic reporters or audio-visual personnel engaged in connection with this action including deposition reporters, video operators and transcribers;

(e)     Any person who created, authored, received or reviewed such Confidential Material and those persons identified on such Confidential Material as creators, authors or recipients of the Confidential Material;

(f)     Actual and/or potential trial or deposition witnesses, where Counsel believes, in good faith, that disclosure is necessary to prepare for or develop the testimony of such witnesses;

(g)     Experts or consultants retained by such counsel to assist in the prosecution, defense, or settlement of this action and their respective employees, associates or colleagues;

(h)     Employees of firms engaged by the Parties for purposes of photocopying, electronic imaging or computer litigation support in connection with this litigation; or

(i)     Such other persons as may be designated by written agreement of Counsel or by order of the Court.

6.     **Confidentiality Agreement.**  Prior to receiving any Confidential Material, each Qualified Person described in paragraphs 5(e) through 5(g) shall be provided with a copy of this Order and shall execute an Agreement to Maintain Confidentiality in the form of Exhibit A.  Each such person signing a Confidentiality Agreement shall be subject to and bound by this Order.  Counsel for the Party seeking to disclose Confidential Material to any Qualified Person pursuant to paragraphs 5(e) through 5(g) shall be responsible for retaining the executed originals of all such Confidentiality Agreements.

7.     **Disclosure of Confidential Deposition Testimony.**  No one may attend the portions of depositions or review the transcripts of the portions of any

CONFIDENTIALITY PROTECTIVE ORDER

depositions at which Confidential Material is shown or discussed other than those Qualified Persons designated in Paragraph 5 and outside counsel for any Non-Party deponent (who shall first sign the Confidentiality Agreement).

8.      **Notification of Inadvertent Disclosure of Confidential Material.**  If a person receiving Confidential Material learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, that person shall request the recipient to return the Confidential Material including all copies thereof, and notify the Designating Party that produced the Confidential Material of the disclosure.

9.      **Disclosure of Confidential Material Pursuant to Compulsory Process.**  Nothing in this Order shall prohibit disclosure of Confidential Material in response to compulsory process or the process of any governmental regulatory agency.  If any person subject to this Order, including a person subject to a Confidentiality Agreement under this Order, is served with such process or receives notice of any subpoena or other discovery request seeking Confidential Material, such person shall promptly (not more than three (3) working days after receipt of such process or notice) notify the Designating Party of such process or request, shall take all reasonable steps to refrain from producing Confidential Material in response to such process, and shall afford a reasonable opportunity for the Designating Party to oppose the process or to seek a protective order.

10.     **Filing Confidential Material Under Seal.**  Any motion, pleading or other submission that contains or attaches Confidential Material shall be filed in accordance with the requirements of United States District Court, Central District of California, Local Rule 79-5.1.

11.     **Challenging Confidentiality Designations.**

(a)     <u>Timing of Challenges.</u>  Unless a prompt challenge to a designating Party's confidentiality designation is necessary to avoid foreseeable

DOLL AMIR & ELEY LLP

substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b)   Meet and Confer Requirement.   A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

(c)   Judicial Intervention.   Any Party that wishes to challenge the designation of a document or other information as "Confidential" may, for good cause, bring a motion before the Court requesting that the Court deny the designation of any document or information as "Confidential." Pending resolution of any dispute concerning such designation, all parties and person governed by this Stipulation and Protective Order shall treat all documents and information previously designated as "Confidential" as protected from further disclosure by this Stipulation and Protective Order.  The parties shall follow all requirements for discovery disputes, including Local Rules 37-1 and 37-2, prior to bringing a motion before the Court under this paragraph.

12.   **Termination of Lawsuit.**  Within sixty (60) calendar days of final termination of this lawsuit, including all appeals, (whether by judgment, settlement or otherwise) all materials produced by a Party that contain Confidential Material, including all abstracts and summaries of such material, shall be destroyed or

returned to Counsel for the Designating Party.  Such destroyed or returned materials shall not include the notes or work product of counsel for the Parties, expert witnesses or consultants or investigators or agents thereof.  Counsel for each such Party shall certify that the provisions of this paragraph have been satisfied by sending opposing counsel a letter confirming compliance.  Reasonable out-of-pocket costs associated with returning or destroying Confidential Materials will be borne by the Party in possession of the Confidential Material at the time of the final termination of this lawsuit.

13.     **Agreement Binding Pending Entry of Order.**  The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order.

14.     **Miscellaneous.**

(a)     Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

(b)     Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the Confidential Material covered by this Order.

(c)     No Waiver of Privilege.  Nothing in this Stipulated Protective Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product privilege, or any other relevant privilege.  Further, inadvertent

DOLL AMIR & ELEY LLP

DOLL AMIR & ELEY LLP

1   production of privileged information shall not waive the privilege.  If privileged

2   information is inadvertently produced, the recipient agrees that, upon request from

3   the producing Party, it shall promptly return all copies of documents containing the

4   privileged information, delete any versions of the documents containing the

5   privileged information on any database or computer filing system it maintains, and

6   make no use of the privileged information.

7          (d)   Jurisdiction.  The Court retains jurisdiction to make amend or

8   modify this Stipulated Protective Order as the Court from time to time may

9   consider appropriate, upon motion of any Party or otherwise.  The provisions of

10  this Stipulated Protective Order regarding the use or disclosure of information

11  designated as Confidential Material will survive the termination of this action and

12  the Court will retain jurisdiction with respect to this order.

13  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

14

15  Dated:  July 18, 2014                    **HYDE & SWIGART**

16

17                                           /s/ Matthew M. Locker
                                             Matthew M. Locker, Attorneys for Plaintiff
18                                           MARI FLORENCE

19

20  Dated:  July 18, 2014                    **DOLL AMIR & ELEY LLP**

21

22                                           /s/ Hunter R. Eley
                                             Hunter R. Eley, Attorneys for Defendant
23                                           CAPITAL ONE BANK (USA), N.A.

24  **IT IS SO ORDERED.**

25

26  Dated:  July 31, 2014                    _____/s/_____

27                                           Hon. Victor B. Kenton
                                             United States Magistrate Judge

28

## **Exhibit A: Agreement to Be Bound by Confidentiality Protective Order**

I, _____ [print or type full name], of _____

_____, declare under penalty of perjury under the laws of the State of California and the United States of America that I have read and understand the Stipulated Protective Order that was entered by the United States District Court, Central District of California in *Florence v. Capital One Bank (USA) NA,* Case No. CV14-00507 PSG VBK.  I agree to comply with and to be bound by the terms of this Order, and I understand that failure to comply could expose me to sanctions and punishment in the nature of contempt.  I agree that I will not use or disclose information in any form that is protected under that Order, except in strict compliance with the provisions of this Order.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction and venue of the above-referenced court for proceedings relating to this Order, including enforcement proceedings, even if such proceedings occur after the termination of the case in which the Order was entered.

I hereby appoint _____ [print or type full name], of _____, as my California agent for service of process in connection with this action or any proceedings related to enforcement of this protective order.

Date: _____

City and State where sworn and signed:_____

Printed Name:_____

Signature: _____

CONFIDENTIALITY PROTECTIVE ORDER